UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| ANTOINE D. FORD, | Case No. 1:24-cv-11940 |
| *Plaintiff,* | Thomas L. Ludington |
| v. | United States District Judge |
| STATE OF MICHIGAN, | Patricia T. Morris |
| *Defendant.* | United States Magistrate Judge |
| _____/ | |

## REPORT AND RECOMMENDATION TO DISMISS CASE

### I.   RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that this case be **DISMISSED** for failure to timely pay the filing fee or file an application to proceed *in forma pauperis* ("IFP"). If adopted, this case would be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's motion for intervention (ECF No. 7) would be **DENIED AS MOOT**.

### II.   REPORT

On July 29, 2024, Plaintiff filed a *pro se* complaint against the State of Michigan. (ECF No. 1). Plaintiff did not pay the filing fee or file an IFP application. Accordingly, the Clerk's Office directed him to either pay the filing fee or file an IFP application by August 12, 2024. (ECF No. 2). Plaintiff was cautioned that if he failed to do so, his "case may be dismissed." (*Id.*). Subsequently, the Court referred

1

all pretrial matters to the Undersigned. (ECF No. 5).

Plaintiff did not make any filings before the August 12, 2024 deadline. Over a week after this deadline, Plaintiff filed a certified copy of his prisoner account statement. (ECF No. 6). He later filed an unrelated motion for intervention. (ECF No. 7).

On September 12, 2024, the Undersigned entered an order to show cause for failure to pay the filing fee. (ECF No. 8). The order explained that "[a]lthough Plaintiff submitted a prisoner trust fund account statement on August 21, 2024, he has not corrected the deficiency by either paying the filing fee or submitting the appropriate Application to Proceed Without Prepaying Fees or Costs." (*Id.* at PageID.66–67). Plaintiff was given until October 2, 2024, to correct this deficiency, and once again was cautioned that failure to do so "may result in dismissal of the case." (*Id.* at PageID.67). On October 2, 2024, Plaintiff filed a handwritten motion requesting to proceed IFP, an affidavit in support, and a "payment bond." (ECF No. 9). He did not submit a completed copy of the standard form.

As explained in the September 12 order, Plaintiff could only correct the filing fee deficiency in one of two ways. (ECF No. 8, PageID.66–67). First, he could pay the filing fee in full. (*Id.*). Second, he could "submit[] the appropriate Application to Proceed Without Prepaying Fees or Costs." (*Id.*). Plaintiff did not do either. Thus, the deficiency remains.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' " *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962)). "Plaintiff's failure to either file an amended IFP application or pay the required filing fee warrants dismissal of this case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute." *Duneske v. FBI*, No. 23-11778, 2024 WL 1660534, at *1 (E.D. Mich. Apr. 17, 2024) (citing *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal.")); *see also Bomer v. Lavigne*, 76 F. App'x 660, (6th Cir. 2003) (affirming dismissal of complaint without prejudice for want of prosecution based on plaintiff's failure to pay partial filing fee); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that the plaintiff's failure to comply with an order to submit a properly supported IFP motion or pay the filing fee "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal").

Plaintiff has already been cautioned twice that failure to either pay the filing fee or file an IFP application may lead to dismissal of his case. He has nonetheless failed to do either and the deadlines for doing so have passed. The Undersigned therefore **RECOMMENDS** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** and that his pending motion for intervention (ECF No. 7) be

3

**DENIED AS MOOT**.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R.

Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

| | |
|---|---|
| Date:  October 16, 2024 | s/PATRICIA T. MORRIS<br>Patricia T. Morris<br>United States Magistrate Judge |