UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTOINE D. FORD,

            Plaintiff,                      Case No. 1:24-cv-11940

v.                                       Honorable Thomas L. Ludington
                                             United States District Judge
STATE OF MICHIGAN,

                                             Honorable Patricia T. Morris
           Defendant.                United States Magistrate Judge
_____/

**OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DISMISSING COMPLAINT WITHOUT PREJUDICE, AND DENYING MOTIONS AS MOOT**

Plaintiff Antoine Ford has filed two objections to Magistrate Judge Patricia T. Morris's Report (R&R) recommending the dismissal of his *pro se* Complaint without prejudice, for failure to pay the filing fee or adequately apply to proceed *in forma pauperis*. As explained below, both objections will be overruled, the R&R will be adopted, Plaintiff's Complaint will be dismissed, and all pending motions will be denied as moot.

I.

On July 29, 2024, Plaintiff Antoine D. Ford, the purported "Ambassador and Trustee of the Omorede Tribe of North America,"[1] filed a handwritten Complaint suing the "State of Michigan." ECF No. 1. Although difficult to decipher, Plaintiff seemingly alleges that Michigan Governor Whitmer, Michigan Attorney General Nessel, and Kent County 17th Circuit Court Judge Mark Trusock injured the "Omorede Tribe Trust" by failing to quickly respond to various

---

[1] Plaintiff uses the "alias of Oba El Oludumare Mugabe Monstsho Omorede" and has historically claimed to be the "King of the Omorede Tribe . . . and a sovereign citizen." *Ford v. Miniard*, No. 22-11386, 2023 WL 315724, at *1 (E.D. Mich. Jan. 19, 2023)

documents Plaintiff filed—purportedly on the "Omorede Tribe's" behalf—in the 17th Circuit Court from 2020 through 2023. *See generally id.* Notably, Plaintiff does not pursue any specific causes of action and does not cite any statutes or constitutional provisions in support of the unclear relief he seeks. *See id.* More relevant to this Opinion and Order, Plaintiff did not pay the fee to file his Complaint, and did not apply to proceed *in forma pauperis* (IFP). ECF No. 2. So this Court notified him that his case may be dismissed if he did not correct this deficiency by August 12, 2024. *Id.*

On August 6, 2024, this Court referred all pretrial matters to Magistrate Judge Patricia T. Morris. ECF No. 5. Although Plaintiff submitted a prisoner trust fund account statement and a "motion to intervene," he did not properly apply for *in forma pauperis* (IFP) status. ECF Nos. 6; 7. Judge Morris accordingly issued an Order directing Plaintiff to show cause, on or before October 2, 20224, why his case should not be dismissed for failure to pay the filing fee or apply to proceed IFP. ECF No. 8. Although Plaintiff filed his prisoner account statement, Judge Morris explained this did "not correct[]" either deficiency because it was not a full application to proceed without prepaying fees or costs and did not use the proper form. *See id.* at PageID.67; *see also Application to Proceed In District Court Without Prepaying Fees or Costs*, E.D. MICH., https://www.mied.uscourts.gov/PDFFIles/ApplicationIFP_Non-Fillable.pdf (last visited Oct. 31, 2024) [https://perma.cc/2ESE-UXTU].

On October 2, 2024, Plaintiff filed a handwritten "motion to proceed in forma pauperis." ECF No. 9. Notably, other than averring that the "Omorede Tribe" is in "poverty," Plaintiff's Motion does not explain his entitlement to proceed IFP. *Id.* Two weeks later, Judge Morris issued a report (R&R) recommending this Court (1) dismiss the above-captioned case without prejudice

because Plaintiff has still not submitted a proper, supported application to proceed *in forma pauperis*; and (2) deny Plaintiff's "Motion for Intervention" as moot. ECF No. 10.

On November 1, 2024, Plaintiff objected to the R&R, ECF No. 11, and filed an additional, convoluted motion to dismiss seeking "full diplomatic immunity . . . pursuant to the Vienna Convention [of] 1961[.]" ECF No. 12 at PageID.88–89. Five days later, Plaintiff filed another motion to dismiss, seemingly seeking identical relief. *See* ECF No. 14 at PageID.108 (alleging the "Omorede Tribe Trust" is immune under the Vienna Convention, the Foreign Sovereign Immunity Act, and the Diplomatic Relations Act).

## II.

Under Civil Rule 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). Any objection that fails to identify specific portions of the R&R will not be reviewed. *See Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review[.]"); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("A general objection . . . is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). Additionally, parties cannot "raise at the district court stage new arguments or issues that were not presented" before the R&R was issued. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

If a party makes a timely, specific objection, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). When reviewing a report and recommendation *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, this Court can accept, reject, or modify the Magistrate Judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, No. 1:20-CV-11290, 2021 WL 4145771, at *2 (E.D. Mich. Sept. 13, 2021).

### III.

Liberally construed, Plaintiff raises two conclusory objections to the R&R. *See generally* ECF No. 11. Both are improper and lack merit.

First, Plaintiff argues Judge Morris improperly changed the Plaintiff's name in the case caption on the R&R from "Omorede Tribe Trust" to 'Antoine D. Ford," which Plaintiff posits is the "Tribe Trust['s] trade secret." ECF No. 11 at PageID.83. But this label is wholly inapposite to the R&R's conclusions, and Antoine Ford is listed as the Plaintiff within this Court's ECF filing system. *See generally* ECF No. 10; *see also In Re Oba Oldumare Mugabe Elohim*, Case No. 21-50247 (E.D. Mich. Oct. 29, 2021) (overruling Plaintiff Ford's objections concerning the case caption of the R&R because the magistrate "included the proper case number and the party name listed on the Court's ECF filing system, and because the objection has no bearing" on the R&R). Indeed, although Plaintiff's handwritten *pro se* Complaint lists the "Omorede Tribe Trust" as the Plaintiff, ECF No. 1 at PageID.1, Antoine Ford filed the Complaint, all motions in this case, and his personal prisoner financial statements in support of his inadequate attempts to proceed IFP. *See* ECF No. 6. Indeed, Mr. Ford expressly labeled *himself* as the "Plaintiff" in his Motion to Proceed

IFP, ECF No. 9, and his objections to the R&R, ECF No. 11. Plaintiff's first objection will be overruled.

Describing the R&R as a "blatant fabrication, lie, fraud, and falsehood," Plaintiff next objects that Judge Morris erroneously concluded that Plaintiff did not correct his filing deficiencies because Plaintiff filed a motion to proceed IFP. ECF No. 11 at PageID.84. But Judge Morris expressly considered Plaintiff's motion and found it insufficient. ECF No. 10 at PageID.78 (noting Plaintiff's handwritten motion did not include, for example, a "completed copy of the standard form" to proceed without prepayment). In this way, Plaintiff's objection is improper. *See Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than . . . summarize[] what has been presented before[] is not an 'objection[.]'"). And in the alternative, applying *de novo review*, this Court concludes that *even if* Plaintiff sufficiently applied to proceed IFP, his *pro se* Complaint would still be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) because it is facially frivolous. *See generally* ECF No. 1; *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (explaining that a complaint is properly dismissed for frivolity under § 1915 when it lacks an arguable basis in law or fact, is "clearly baseless," or involves "fantastic or delusional scenarios"). Plaintiff's second objection will be overruled.

## IV.

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 11, are **OVERRULED.**

Further**,** it is **ORDERED** that Magistrate Judge Patricia T. Morris's Report and Recommendation, ECF No. 10, is **ADOPTED.**

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE.**

Further, it is **ORDERED** that Plaintiff's Motion for Intervention, ECF No. 7, is **DENIED AS MOOT.**

Further, it is **ORDERED** that Plaintiff's Motion to Dismiss, ECF No. 12, is **DENIED AS MOOT.**

Further, it is **ORDERED** that Plaintiff's Motion to Dismiss, ECF No. 14, is **DENIED AS MOOT.**

**This is a final order and closes the above-captioned case.**

Dated: November 14, 2024                             s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge